# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA

|  |  |
| --- | --- |
| MICHAEL CAIOLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>     Plaintiff.<br><br>  v.<br><br>LUMBER LIQUIDATORS, INC., a Delaware Corporation, LUMBER LIQUIDATORS LEASING, LLC, a Delaware Limited Liability Corporation, LUMBER LIQUIDATORS HOLDINGS, INC., a Delaware Corporation, LUMBER LIQUIDATORS SERVICES, LLC, a Delaware Limited Liability Corporation,<br><br>    Defendant. | Case No.: 4:15-CV-37<br><br>CLASS ACTION<br>JURY TRIAL DEMANDED |

## <u>CLASS ACTION COMPLAINT</u>

  Plaintiff, Michael Caiola ("Caiola" or "Plaintiff"), individually and on behalf of all others similarly situated (the "Class", as more fully defined below), alleges against Defendant Lumber Liquidators Inc., Defendant Lumber Liquidators Leasing, LLC, Defendant Lumber Liquidators Holding, Inc., and Defendant Lumber Liquidators Services, LLC (collectively "Lumber Liquidators", the "Company", or "Defendants") the following facts and claims upon knowledge as to the matters relating to himself and upon information and belief as to all other matters and, by way of the Class Action Complaint, avers as follows:

# INTRODUCTION

1.      This is a proposed class action brought by Plaintiff on behalf of himself and the below-defined Class against Lumber Liquidators to obtain damages and injunctive relief arising from and relating to his purchase and installation of Lumber Liquidators' Chinese wood flooring material ("Chinese Flooring").

2.      This class action arises out of Lumber Liquidators' scheme to import into the United States, and to falsely warrant, advertise, and sell Chinese Flooring that fails to comply with relevant and applicable formaldehyde standards with respect to these products.

3.      In particular, in contrast to its direct representations to the contrary, Lumber Liquidators manufactures, sells, and distributes Chinese Flooring which emits and off-gasses excessive levels of formaldehyde, which is categorized as a known human carcinogen by the United States National Toxicology Program and the International Agency for Research on Cancer.

4.      Further, contrary to Lumber Liquidators' repeated, detailed representations that its flooring complies with strict formaldehyde standards on its product labels, website, and elsewhere, the toxic formaldehyde emissions form the Company's Chinese Flooring is multiple times the maximum permissible limits set by those standards at the time of purchase.

5.      Lumber Liquidators' illegal behavior with respect to its manufacturing, marketing, and sale of Chinese Flooring has caused Plaintiff and the other Class members to suffer direct financial harm. Plaintiff's purchase is markedly less valuable because of its elevated level of formaldehyde. Plaintiff would have paid significantly less, if he purchased Chinese Flooring at all, had he known that the product contained elevated levels of the toxin formaldehyde.

6. Plaintiff asserts claims individually and on behalf of the other members of the proposed Class.

**PARTIES**

7. Plaintiff Michael Caiola is a natural person and citizen of North Carolina. Plaintiff owns a home in Raleigh, Wake County, North Carolina in which Lumber Liquidators' Chinese Flooring is installed. In October 2013, Plaintiff purchased Chinese Flooring from Lumber Liquidators and installed it in his home. Plaintiff relied on the representation of Lumber Liquidators, Lumber Liquidators' representatives, and the express warranties on the Chinese Flooring in selecting Lumber Liquidators' Chinese Flooring over all other brands of flooring. The flooring has shrunk and cracks easily.

8. Defendant, Lumber Liquidators, Inc., is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168. Lumber Liquidators, Inc. is licensed and doing business in the State of North Carolina.

9. Defendant, Lumber Liquidators Leasing, LLC, is a Delaware Limited Liability Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

10. Defendant, Lumber Liquidators Holding, Inc., is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23618.

11. Defendant, Lumber Liquidators Services, LLC, is a Delaware Limited Liaiblity Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2) (diversity jurisdiction) and the Class Action Fairness Act, in that (i) there is complete diversity (Plaintiff is a citizen of North Carolina and Defendants are domiciled and incorporated in another state), (ii) the amount in controversy exceeds $5,000,000.00 (Five Million Dollars) exclusive of interests and costs, and (iii) there are 100 or more members of the proposed Plaintiff's Class.

13.     Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in this Judicial District and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this Judicial District. In addition, Lumber Liquidators does business and/or transacts business in this Judicial District, and therefore, is subject to personal jurisdiction in this Judicial District and resides here for venue purposes.

## FACTUAL ALLEGATIONS

14.     Lumber Liquidators have manufactured, labeled and sold, during the Class Period, the toxic Chinese Flooring as being compliant with "CARB regulations in the State of California." CARB is an acronym for the California Air Resources Board, an entity which has promulgated safety standards for the emission of formaldehyde for products sold in California.

15.     Lumber Liquidators' Chinese Flooring is not what it purports to be. The Chinese Flooring contains a dangerous level of formaldehyde gas which exceeds the "CARB regulations in the State of California" and the standards promulgated in the Toxic Substances Contract Act, 15 U.S.C. 2601 et. seq. (Title VI – Formaldehyde Standards of Composite Wood Products) and is hazardous to human health.

16.    Formaldehyde gas can cause cancer, asthma, chronic respiratory irritation and other ailments including skin and breathing problems. The risk of these health problems is significantly greater for children.

17.    Formaldehyde is the sort of toxic substance to which people may be exposed without knowing they are at risk. Day after day, week after week, month after month, Plaintiff lives in his home, an enclosed place, where his flooring is emitting toxic cancer causing fumes.

18.    As such, the Chinese Flooring Lumber Liquidators sold Plaintiff and other customers poses great health risks.

19.    Because the Chinese Flooring emits excessive formaldehyde levels, it violates the North Carolina building code and industry standards, including the applicable Building Codes and CARB standards as well as Lumber Liquidators' express representations and warranties.

20.    The defects and deficiencies are due to fundamental design, engineering, and manufacturing errors well within Lumber Liquidators' area of expertise.

21.    Thus, Lumber Liquidators deceptively manufactured, labeled, and sold the Chinese Flooring.

22.    Moreover, during contact with Plaintiff and Class members, Lumber Liquidators concealed its knowledge of repeated product defects in the Chinese Flooring in the Class members' structures.

23.    Further, Lumber Liquidators' marketing materials for the Chinese Flooring contain false and misleading information relating to compliance with California standards and designed to increase sales of the product at issue.

24. Despite knowing of the defects in the Chinese Flooring, Lumber Liquidators has not notified all purchasers, builders, and/or homeowners with the Chinese Flooring of the defect nor provided uniform relief.

25. Plaintiff and Class Members have not received the value for which they or their builder bargained when the Chinese Flooring was purchased. There is a difference in value between the Chinese Flooring as warranted and the Chinese Flooring containing the defect.

26. Plaintiff and the Class have been damaged by Lumber Liquidators' dangerous and deceptive Chinese Flooring. Plaintiff and the Class are entitled to a return of the full purchase price paid for the Chinese Flooring and other damages to be proven at trial.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and (c)(4) are met with respect to the classes defined below:

> **INJUNCTIVE RELIEF CLASS:**
> **All persons and entities in the United States who purchased and installed wood flooring from Lumber Liquidators Holdings, Inc., either directly or through an agent, that was sourced, processed, or manufactured in China.**
>
> **DAMAGES CLASS:**
> **All persons and entities in the United States purchased and installed wood flooring from Lumber Liquidators Holdings, Inc., either directly or through an agent, that was sourced, processed, or manufactured in China.**
>
> **(ALTERNATIVE) DAMAGES CLASS:**
> **All persons and entities in North Carolina who purchased and installed wood flooring from Lumber Liquidators Holdings, Inc., either directly or through an agent, that was sourced, processed, or manufactured in China.**

Excluded from the Classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Lumber Liquidators, its affiliates, employees officers and directors, persons or entities that distribute or sell Lumber Liquidators flooring; (c) all persons who properly execute and file a timely request for exclusion from the Classes; and (d) the attorneys of record in this case.

28. *Numerosity:* The Classes are composed of thousands of persons geographically dispersed, the joinder of whom in one action is impractical. Moreover, upon information and belief, the Classes are ascertainable and identifiable from Lumber Liquidator records or documents.

29. *Commonality*: Questions of law and fact common to the Classes exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes. These common legal and factual issues include, but are not limited to the following:

    a. Whether Lumber Liquidators' Chinese Flooring products emit excessive levels of formaldehyde;

    b. Whether Lumber Liquidators represented and warranted that its Chinese Flooring products complied with their label descriptions;

    c. Whether Lumber Liquidators omitted and concealed material facts from its communications and disclosures to Plaintiff and the other Class members regarding the illegal sourcing of its Chinese Flooring products;

    d. Whether Lumber Liquidators breached its express or implied warranties to Plaintiff and the other Class members with respect to its Chinese Flooring products;

    e. Whether Lumber Liquidators knew or should have known that its Chinese Flooring did not conform to the label description;

    f. Whether, as a result of Lumber Liquidators' conduct, Plaintiff and the other Class members have suffered damages; and if so, the appropriate measure of damages to which they are entitled;

g. Whether, as a result of Lumber Liquidators' conduct, Lumber Liquidators was unjustly enriched; and

h. Whether, as a result of Lumber Liquidators' misconduct, Plaintiff and the other Class members are entitled to equitable relief and/or other relief, and, if so, the nature of such relief.

30. *Typicality:* Plaintiff's claims are typical of the claims of the other Class members. Plaintiff and each of the other Class members have been injured by the same wrongful practices of Lumber Liquidators. Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class members' claims and are based on the same legal theories.

31. *Adequate Representation:* Plaintiff will fully and adequately assert and protect the interests of the other Class members. In addition, Plaintiff has retained class counsel who are experienced and qualified in prosecuting class action cases similar to this one. Neither Plaintiff nor his attorneys have any interests contrary to or conflicting with other Class members' interests.

32. *Predominance and Superiority:* This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual Class Members be required to bring separate actions, this Court and Courts throughout North Carolina would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this

class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

33.     Plaintiff brings this action pursuant to Rules 23(a), 23(b)(2), and 23(b)(3), individually and on behalf of all others similarly situated.

## COUNT 1
## Negligence

34.     Plaintiff on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

35.      Lumber Liquidators were under a legal duty to exercise reasonable care to design, manufacture and distribute Chinese Flooring that would conform to all industry standards and codes.

36.     Lumber Liquidators breached its legal duty and was negligent in its design and/or manufacturer of its Chinese Flooring described herein. Lumber Liquidators' design and/or manufacture of the Chinese Flooring is inherently defective, in that the flooring emits unsafe levels of formaldehyde, causing damage to Plaintiffs' and the Class Members'  person and residences/structures.

37.     As a result of the defects described herein, Plaintiff and Class Members' homes contain unsafe and dangerous levels of formaldehyde gas.

38.     As a result of Lumber Liquidators' practices, Plaintiffs' and the Class Members' residences contain defective and dangerous Chinese Flooring that require replacement as well as repair of damages incidental thereto.

39.     Lumber Liquidators knew or, in the exercise of reasonable care, should have known that its Chinese Flooring was negligently designed and/or manufactured to allow for unsafe levels of formaldehyde emissions which will cause damage to Plaintiff's and Class

Member's persons, wellbeing, and property and would not perform as expected by Plaintiffs, Class Members and/or a reasonable consumer.

40.     Lumber Liquidators knew or, in the exercise of reasonable care, should have known that its Chinese Flooring was negligently designed and/or manufactured.

41.     Lumber Liquidators possessed the knowledge to cure the defect in the Chinese Flooring, but it continued to sell, to market and to advertise defective Chinese Flooring.

42.     Plaintiff disclaimed any purported Limited Warranties.

43.     As a direct, proximate, reasonably probable and foreseeable consequence of Lumber Liquidators' negligent acts and/or omissions in connection with its design, manufacture and distribution of its Chinese Flooring, Plaintiff and the Class Members have suffered and will continue to suffer loss and damage.

**COUNT II**
**Breach of Express Warranty**

44.     Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

45.     Lumber Liquidators warranted that its flooring was free of defects when it sold those products to Plaintiff and the members of the Class as described in this Complaint. Defendants further represented that its flooring products complied with CARB formaldehyde standards and all applicable laws and regulations. Plaintiff and members of the Class reasonably relied upon these representations.

46.     Lumber Liquidators' express representations and warranties became part of the basis of the bargain.

47.     Lumber Liquidators breached their warranties by:

a. Manufacturing, selling and/or distributing flooring that exceeds the CARB formaldehyde standards;

b. Manufacturing, importing, selling and/or distributing flooring that fails to comply with all applicable laws and regulations; and

c. Refusing to honor the express warranty by refusing to properly repair or replace the defective flooring.

48. Plaintiff, on behalf of himself and the other Class members, provided Lumber Liquidators with timely notice of its breach of warranty. Lumber Liquidators was also on notice regarding the excessively high levels of formaldehyde in its flooring from the complaints and requests for refund it received from Class members, Internet message boards and from published product reviews.

49. As a direct and proximate result of Lumber Liquidators' misconduct, Plaintiff and the other Class members have suffered damages and continue to suffer damages, including economic damages at the point of sale. Additionally, Plaintiff and the other Class members have either incurred or will incur economic damages at the point of repair in the form of the cost of repair and/or the cost of purchasing non-defective flooring to replace the Lumber Liquidators' flooring.

50. Plaintiff and the other Class members are entitled to legal and equitable relief against Lumber Liquidators, including damages, consequential damages, specific performance, rescission, attorneys' fees, costs of suit, and other relief as appropriate.

## COUNT III
### Breach of Implied Warranties

51. Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

52.     At all times relevant hereto, there was a duty imposed by law which requires that a manufacturer or seller's product be reasonably fit for the purposes for which such products are used and that the product be acceptable in trade for the product description.

53.     Defendants breached this duty by selling flooring to Plaintiff and the other members of the Class that was not merchantable.

54.     Defendants were notified that its product was not merchantable within a reasonable time after the defect manifested itself to Plaintiff and the members of the Class.

55.     As a result of the non-merchantability of Lumber Liquidators' flooring described herein, Plaintiff and other members of the Class sustained a loss or damages.

### COUNT IV
### Violation of North Carolina Unfair and Deceptive Trade Practice
### N.C.G.S. §§ 75-1.1 et seq.
### (On behalf of Plaintiff and North Carolina Class Members)

56.     Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

57.     The conduct described above and throughout this Complaint took place within the State of North Carolina and constitutes unfair and deceptive trade practices in violation of North Carolina's Unfair and Deceptive Trade Practice, N.C.G.S. §§ 75-1.1 et seq.

58.     N.C.G.S. §§ 75-1.1 applies to the claims of Plaintiff and all North Carolina Class members because the conduct which constitutes violations of the act by Lumber Liquidators occurred within the State of North Carolina.

59.     Lumber Liquidators engaged in the concealment, suppression, or omission in violation of N.C.G.S. §§ 75-1.1 when, in selling and advertising the Chinese Flooring, Lumber Liquidators knew that there were defects in the Chinese Flooring which would result in dangerous levels of formaldehyde gas emissions.

60.     Lumber Liquidators engaged in the concealment, suppression, or omission of the aforementioned material facts with the intent that others, such as Plaintiff, Plaintiff's Builders, Class Members, Class Member's Builders, and/or the general public would rely upon the concealment, suppression, or omission of such material facts and purchase Lumber Liquidators' Chinese Flooring containing said defect.

61.     Plaintiff, Plaintiff's Builder, Class Members, and/or Class Member's builders would not have purchased the Chinese Flooring had they known or become informed of the material defects in the Chinese Flooring.

62.     Lumber Liquidators' concealment, suppression, or omission of material facts as alleged herein constitute unfair, deceptive and fraudulent business practices within the meaning of N.C.G.S. §§ 75-1.1

63.     Lumber Liquidators has acted unfairly and deceptively by misrepresenting the quality of the Chinese Flooring

64.     Lumber Liquidators either knew, or should have known, that the Chinese Flooring was defectively designed and/or manufactured and would emit unsafe levels of formaldehyde, which would result in severe damages to the Plaintiff's person and property.

65.     Upon information and belief, Lumber Liquidators knew that, at the time Chinese Flooring left Lumber Liquidators' control, the Chinese Flooring contain the defect described herein resulting in dangerous levels of formaldehyde emissions. At the time of sale, the Chinese Flooring contained the defects. The defects permit unsafe levels of formaldehyde gas emission and rendered the flooring unable to perform the ordinary purposes for which it was used as well as cause the resulting damage described herein.

66. As a direct and proximate cause of the violation of N.C.G.S. §§ 75-1.1, described above, Plaintiff and members of the Class have been injured in that they have purchased the unsafe and dangerous Chinese Flooring based on nondisclosure of material facts alleged above. Had Plaintiff and Class Members known the defective nature of the Chinese Flooring used on their structures, they would not have purchased their structures, or would have paid a lower price for their structures.

67. Plaintiff and Class Members reasonably relied upon Lumber Liquidators representations that the Chinese Flooring met all applicable codes and standards.

68. Lumber Liquidators used unfair methods of competition and unfair or deceptive acts or practices in conducting their businesses. This conduct constitutes fraud within meaning of the N.C.G.S. §§ 75-1.1. This unlawful conduct is continuing, with no indication that Lumber Liquidators will cease.

69. As a direct and proximate result of Lumber Liquidators' unfair and deceptive acts and practices, Plaintiff and the other members of the Class will suffer damages, which include, without limitation, costs to inspect, repair or replace their flooring and other property, in an amount to be determined at trial.

70. As a direct and proximate result of Lumber Liquidators' unfair and deceptive acts and practices, Plaintiff and the other members of the Class will suffer damages, which include, without limitation, to their health and wellbeing in an amount to be determined at trial.

71. As a result of the acts of consumer fraud described above, Plaintiff and the Class have suffered ascertainable loss in the form of actual damages that include the purchase price of the products for which Lumber Liquidators is liable to the Plaintiff and the Class for treble their

ascertainable losses, plus attorneys' fees and costs, along with equitable relief prayed for herein in this Complaint.

## COUNT V
## Fraudulent Misrepresentation

72.     Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

73.     Lumber Liquidators falsely and fraudulently represented to Plaintiff, the Class members, and/or the consuming public in general that Lumber Liquidators' products would be free from defects and fit for their customary and normal use.

74.     Lumber Liquidators falsely represented to purchasers, consumer, and Window owners that the Chinese Flooring was warranted against defects in material and workmanship when in fact the Limit Warranty was so limited as to prevent and preclude any warranty protection against the known defect in the Chinese Flooring.

75.     When said representations were made by Lumber Liquidators, upon information and belief, they knew those representations to be false and they willfully, wantonly, and recklessly disregarded whether the representations were true.

76.     These representations were made by Lumber Liquidators with the intent of defrauding and deceiving the Plaintiff, the Class members and/or the consuming public, all of which evinced reckless, willful, indifference to the safety and welfare of the Plaintiff and the Class members.

77.     At the time the aforesaid representations were made by Lumber Liquidators, Plaintiff and the Class members were unaware of the falsity of said representations and reasonably believed them to be true.

78. In reliance upon said representations, the Plaintiff's and Class members' properties were built using Lumber Liquidators' Chinese Flooring, which were installed and used on Plaintiff's and the Class members' properties thereby sustaining damage and injury and/or being at an increased risk of sustaining damage and injury in the future.

79. Lumber Liquidators knew and was aware, or should have been aware, that Lumber Liquidators' Chinese Flooring was defective and not fit for their customary and normal use.

80. Lumber Liquidators knew, or should have known, that Lumber Liquidators' Chinese Flooring had a potential to, could, and would cause severe damage and injury to property owners.

81. Lumber Liquidators brought its Chinese Flooring to the market and acted fraudulently, wantonly, and maliciously to the detriment of the Plaintiff and the Class members.

82. By reason of the foregoing, Plaintiff and the Class members suffered, and continue to suffer, financial damage and injury.

## COUNT VI
### Negligent Misrepresentation

83. Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

84. Lumber Liquidators made representations about the Chinese Flooring to Plaintiff, Class members, and their agents or predecessors, as set forth in this complaint.

85. Those representations were false.

86. When Lumber Liquidators made the representations, it knew they were untrue or it had a reckless disregard for whether they were true, or it should have known they were untrue.

87.     Lumber Liquidators knew that Plaintiff, Class members, and their agents or predecessors, were relying on the representations.

88.     In reliance upon the representations, Plaintiff and Class Members purchased the Chinese Flooring and installed on the Plaintiff's and Class members' homes.

89.     As a direct and proximate result of Lumber Liquidators negligent misrepresentations, Plaintiff and Class members have been damaged as set forth in this Complaint.

90.     As a direct and proximate result of the foregoing, Plaintiff and the Class Members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, including punitive damage, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## COUNT VII
## Fraudulent Omission/Concealment

91.     Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

92.     Lumber Liquidators knew or should have known that the Chinese Flooring was defective in design, were not fit for their ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and warranties disseminated by Lumber Liquidators nor the reasonable expectations of ordinary consumers.

93.     Lumber Liquidators fraudulently concealed from and/or intentionally failed to disclose to Plaintiff and the Class that the Chinese Flooring is defective.

94.     Lumber Liquidators had exclusive knowledge of the defective nature of the Chinese Flooring at the time of sale. The defect is latent and not something that Plaintiff or Class

members, in the exercise of reasonable diligence, could have discovered independently prior to purchase, because it is not feasible.

95.     Lumber Liquidators had the capacity to, and did, deceive Plaintiff and Class members into believing that they were purchasing flooring free from defects.

96.     Lumber Liquidators undertook active and ongoing steps to conceal the defect. Plaintiff is aware of nothing in Lumber Liquidators' advertising, publicity or marketing materials that disclosed the truth about the defect, despite Lumber Liquidators' awareness of the problem.

97.     The facts concealed and/or not disclosed by Lumber Liquidators to Plaintiff and the Class members are material facts in that a reasonable person would have considered them important in deciding whether to purchase (or to pay the same price for) the flooring from their builders.

98.     Lumber Liquidators intentionally concealed and/or failed to disclose material factors for the purpose of inducing Plaintiff and the Class to act thereon.

99.     Plaintiff and the Class justifiably acted or relied upon the concealed and/or nondisclosed facts to their detriment, as evidenced by their purchase of the Chinese Flooring.

100.    Plaintiff and Class members suffered a loss of money in an amount to be proven at trial as a result of Pella's fraudulent concealment and nondisclosure because: (a) they would not have purchased the Chinese Flooring on the same terms if the true facts concerning the defective flooring had been known; (b) they paid a price premium due to fact that the flooring would be free from defects; and (c) the flooring did not perform as promised. Plaintiff also would have initiated this suit earlier had the defect been disclosed to him.

101.    By reason of the foregoing, Plaintiff and the Class members suffered, and continue to suffer, financial damage and injury.

# COUNT VIII
## Unjust Enrichment
### (Pleading in the Alternative)

102.    Plaintiff on behalf of himself and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

103.    Plaintiff and Class members conferred a benefit on Defendants when they purchased the Chinese Flooring.

104.    Lumber Liquidators has been unjustly enriched in retaining the revenues derived from Class members' purchases of the Chinese Flooring, the retention of which under these circumstances is unjust and inequitable because Lumber Liquidators' Chinese Flooring is defective in design, were not fit for their ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and warranties disseminated by Lumber Liquidators nor the reasonable expectations of ordinary consumers and caused the Plaintiff and Class members to lose money as a result thereof.

105.    Plaintiff and Class members suffered a loss of money as a result of Lumber Liquidators' unjust enrichment because: (a) they would not have purchased the Chinese Flooring on the same terms if the true facts concerning the unsafe Chinese Flooring had been known; (b) they paid a price premium due to the fact the Chinese Flooring would be free from defects; and (c) the Chinese Flooring did not perform as promised.

106.    Because Lumber Liquidators' retention of the non-gratuitous benefit conferred on them by Plaintiff and Class members is unjust and inequitable, Lumber Liquidators must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

107.     Plaintiff and the Class Members are entitled to restitution of, disgorgement of, and/or the imposition of the constructive trust upon, all profits, benefits, and other compensation obtained by the Defendants from their deceptive, misleading, and unlawful conduct.

**COUNT IX**
**Violation of the Magnuson-Moss Warranty Act**

108.     Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

109.     Plaintiff and the other Class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

110.     Lumber Liquidators is a "supplier" and "warrantor" within the meaning of 15 U.S.C. §§ 2301(4)-(5).

111.     Lumber Liquidators flooring purchased separate from the initial construction of the structure constitutes a "consumer product" within the meaning of 15 U.S.C. § 2301(1).

112.     Lumber Liquidators' express warranties and written affirmations of fact regarding the nature of the flooring, including that the flooring was free from defects and was in compliance with CARB and EU formaldehyde standards and all other applicable laws and regulations, constitute written warranties within the meaning of 15 U.S.C. § 2301(6).

113.     Lumber Liquidators breached their warranties by:

    a.   Manufacturing, selling and/or distributing flooring that exceeds the CARB formaldehyde standards;

    b.   Manufacturing, importing, selling and/or distributing flooring that fails to comply with all applicable laws and regulations; and

    c.   Refusing to honor the express warranty by refusing to properly repair or replace the defective flooring.

114.    Lumber Liquidators' breach of its express warranties deprived Plaintiff and the other Class members of the benefits of their bargains.

115.    As a direct and proximate result of Lumber Liquidators' breaches of its written warranties, Plaintiff and the other Class members sustained damages in an amount to be determined at trial. Lumber Liquidators' conduct damaged Plaintiff and the other Class members, who are entitled to recover damages, consequential damages, specific performance, diminution in value, costs, attorneys' fees, rescission, and/or other relief as appropriate.

**COUNT X**
**Declaratory Relief 28 U.S.C. § 2201**
**(Pleading in the Alternative)**

116.    Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

117.    Lumber Liquidators has acted or refused to act on grounds that apply generally to the Declaratory Relief Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole within the meaning of Fed. R. Civ. P. 23(b)(2). Plaintiff seeks a ruling that:

    a.    the Chinese Flooring has a defect which results in unsafe levels of formaldehyde emissions. The Court finds that this defect if material and requires disclosure for all of this flooring;

    b.    the Chinese Flooring has a defect that allows for unsafe levels of formaldehyde emissions. The court declares that all persons who own structures containing Chinese Flooring are to be provided the best practicable notice of the defect, which cost shall be borne by Lumber Liquidators;

    c.    Lumber Liquidators will establish an inspection program and protocol, under Court supervision, to be communicated to class members, which will require Lumber Liquidators to inspect, upon request, a class member's structure to determine formaldehyde emissions levels are safe. Any disputes over coverage shall be adjudicated by a Special Master appointed by the Court and/or agreed to by the parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated, prays for a

judgment against Defendants as follows:

a.      For an order certifying the Classes, pursuant to Fed. R. Civ. P. Rule 23, appointing Plaintiff as representative of the Classes, and appointing the law firms representing Plaintiff as Class Counsel;

b.      For compensatory damages sustained by Plaintiff and the Damages Class;

c.      For equitable and/or injunctive relief for the Declaratory Relief Class;

d.      For payment of costs of suit herein incurred;

e.      For both pre-judgment and post-judgment interest on any amounts awarded;

f.      For punitive damages;

g.      For payment of reasonable attorneys' fees and expert fees as may be allowable under applicable law; and For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff on behalf of himself and on behalf of the Class Members, hereby demands a

trial by jury as to all issues so triable.

Date: March 4, 2015.                              Respectfully submitted,

                                                  */s/ Daniel K. Bryson*
                                                  Daniel K. Bryson
                                                  Scott C. Harris
                                                  Margaret J. Pishko
                                                  WHITFIELD BRYSON & MASON, LLP
                                                  900 W. Morgan Street
                                                  Raleigh, North Carolina 27603
                                                  (919) 600-5000
                                                  Fax:  (919) 600-5035
                                                  dan@wbmllp.com
                                                  scott@wbmllp.com
                                                  maggie@wbmllp.com
                                                  *Attorneys for Plaintiff*